The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATION
1. At the hearing before the Deputy Commissioner, the parties submitted an indexed packet of Stipulated Exhibits marked "Stipulated Exhibits #1", along with a Pre-Trial Agreement.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was a 23 year old male.
2. Plaintiff was employed by Employer-Defendant as a bagger and had been employed for approximately two (2) years prior to 8 February 1995.
3. On or about 8 February 1995, Plaintiff was loading a bag of cat food into a shopping cart when he noticed a dozen eggs in the cart. Plaintiff jerked the bag of cat food to prevent crushing the eggs. Plaintiff felt a pull in his shoulder area; however, he continued to work the rest of that day. Plaintiff did not seek medical attention until 23 February 1995, and in the interim, continued to work his normal job duties.
4. Ms. Sue Smith, Plaintiff's direct supervisor, worked with Plaintiff, and indicated that from 8 February 1995, through 22 February 1995, Plaintiff worked his normal job duties without complaints of pain and, further, never informed her that he had injured his shoulder. Ms. Smith did not notice anything unusual or different in the manner with which Plaintiff conducted his job duties.
5. On 23 February 1995, Plaintiff saw his own personal family physician, Dr. Sam Perry of the Sandhills Family Practice. Plaintiff reported a history to Dr. Perry of being involved in a fight the night before, 22 February 1995. Plaintiff was complaining of hand pain and of pectoralis muscle pain as well. Dr. Perry diagnosed Plaintiff with a boxer's fracture and shoulder strain and referred him to Dr. Ciliberto.
6. On 23 February 1995, Plaintiff was seen by Dr. David Ciliberto, an orthopaedic surgeon, complaining of hand pain and shoulder pain. Dr. Ciliberto performed x-rays of Plaintiff's hand, which revealed a boxer's fracture of the fifth metacarpal neck of the right hand. Dr. Ciliberto also diagnosed Plaintiff with a complete rupture of the left pectoralis major muscle. Dr. Ciliberto's notes indicate that this was a delayed rupture of the left pectoralis major muscle. Dr. Ciliberto recommended surgical repair.
7. On 8 March 1995, Plaintiff underwent surgical repair of the complete rupture of the left pectoralis major at Central Carolina Hospital, which was performed by Dr. Ciliberto. On 23 March 1995, Plaintiff was released to right-handed work for the next four weeks. Plaintiff did not attempt to return to work; however, there was a light duty program and a light duty position would have been available for right-handed work.
8. On 15 June 1995, Dr. Ciliberto released Plaintiff to return to work with a lifting restriction of 20-25 pounds with his left shoulder. Plaintiff did not attempt to return to work; however, there was a light duty program and a light duty position would have been available with a lifting restriction of 20-25 pounds with the left arm.
9. On 21 July 1995, Plaintiff was seen by Dr. Robert Kimber with Dr. Ciliberto's office. Dr. Kimber noted that Plaintiff had returned to work with his dad as a trim carpenter and was released to return to work with full activities without restrictions.
10. On 9 October 1996, Dr. Ciliberto assigned Plaintiff a ten percent (10%) permanent partial disability of the left arm.
11. Dr. Ciliberto is of the opinion that more likely than not, Plaintiff sustained a minor work related injury to his shoulder on 8 February 1995 and on 22 February 1995 sustained a complete tear of the left pectoralis major muscle as a result of the fight. Dr. Ciliberto indicated that a complete pectoralis major muscle tear is "exceedingly rare, they are very, very rare."
12. Dr. Ciliberto is of the opinion that a complete rupture of the pectoralis major muscle would require "an extreme degree of force rather than simple unusual position of the shoulder." Dr. Ciliberto would also expect a person with a complete rupture of the pectoralis major muscle to experience immediate pain, would not be able to continue working as a bagger and would seek immediate medical attention.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of proving that the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A.C. Lawrence Leather Company, 231 N.C. 477,57 S.E.2d 760 (1950).
2. In passing upon the issues of fact, the Commission is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It may accept or reject the testimony of a witness, either in whole or part, depending solely upon whether it believes or disbelieves the same. Andersonv. Northwestern Motor Company, 233 N.C. 372, 64 S.E.2d 265
(1951).
3. On 8 February 1995, Plaintiff sustained a compensable injury by accident for which there are compensable consequences. N.C. Gen. Stat. § 97-2(6). However, Plaintiff did not lose time from work or seek medical treatment.
4. Since Plaintiff's subsequent pectoralis major muscle rupture of 22 February 1995 was the direct result of a non-work related incident, it is not compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to Plaintiff any medical expenses for services rendered for the treatment of his shoulder that occurred on or prior to 22 February 1995.
2. Plaintiff's claim for benefits beginning 23 February 1995, is not compensable under the provisions of the North Carolina Workers' Compensation Act and the same must be DENIED.
3. Each side shall bear its own costs.
This the ___ day of November 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
TJB/cnp/db